703 So.2d 202 (1997)
Agnes MOTTON
v.
LOCKHEED MARTIN CORPORATION, Jim Gibson, and Danny Bryant.
No. 97-CA-0204.
Court of Appeal of Louisiana, Fourth Circuit.
December 1, 1997.
Clement P. Donelon, Metairie, for Plaintiff.
Barbara Ryniker Evans, Anne E. Bendernagel, Evans & Associates, New Orleans, for Defendants.
Before ARMSTRONG, LANDRIEU and MURRAY, JJ.
LANDRIEU, Judge.
On March 11, 1996, Agnes Motton commenced an action against the Lockheed Martin Corporation (Lockheed) alleging sexual discrimination under the Louisiana Fair Employment Practices Act[1] and the Louisiana Human Rights Act.[2] Motton also asserted a defamation claim against Danny Bryant and Jim Gibson, both Lockheed employees, for allegedly "falsely and maliciously reporting" to other Lockheed employees that she had not answered questions correctly during her interview for a promotion. After unsuccessfully attempting to remove the case to federal court, Lockheed, Bryant, and Gibson (hereafter, the defendants) filed motions for summary judgment in the civil district court as to the discrimination claim and the defamation claim.
*203 On October 30, 1996, the district court, without written reasons, denied the defendants' motion as to the discrimination claim, but it granted the motion for summary judgment on the defamation claim and dismissed Bryant and Gibson with prejudice. Only Motton moved for an appeal. On November 27, 1996, while Lockheed again unsuccessfully sought removal to the federal court, the district court granted Motton's motion to appeal. On March 19, 1997, we denied the defendants' motion to dismiss Motton's appeal, finding no merit to their contention that the state court had lacked jurisdiction at the time the motion for appeal was signed. The district court's grant of summary judgment on the defamation claim is the only issue before us.
Motton began working for Lockheed in March of 1979. She worked as a Systems Test Mechanic, Labor Grade 1(STM), from 1981 until 1986, when, because of cutbacks, her position was downgraded to Mechanic Installation & Test, Labor Grade 4. In February of 1995, she applied for the position of System Control Mechanic A, Labor Grade 1 (SCMA). Lockheed employees Gibson and Bryant interviewed Motton on February 13, 1995; Motton was informed on March 2, 1995, that she had not been hired for the position. Motton stated that Cheryl Alexander, a human resources manager for Lockheed's Staffing group, gave her a copy of the Disposition Action Form signed by Gibson and Bryant. This form, dated February 13, 1995, stated:
Employee has associates degree in electronics, has no computer hardware, PLC or pneumatics experience. Unable to answer most technical questions that were asked. Would require extensive training. Does not meet requirements for SCMA at this time. Good verbal communication skills, has computer user skills and training. Positive attitude, persuing [sic] theology degree.
In her suit, Motton asserted that Gibson and Bryant had "defamed her by falsely and maliciously reporting that she had not answered questions correctly during her interview." She further asserted that she had suffered damages "as a result of [Gibson's and Bryant's] intentional and malicious defamation of her regarding her job qualifications and regarding her performance during the interview to [Lockheed]."
The defendants asserted in their motion for summary judgment that Motton could not establish a prima facie case of defamation. First, they asserted that the element of publication had not been established. They alleged that there was no genuine issue of material fact that the communication was made internally by Gibson and Bryant to the Staffing group in order to report the results of Motton's interview. Therefore, they argued, the communication had not been published outside the company. Second, the defendants asserted that the communication made by Gibson and Bryant was subject to a qualified privilege, because it was made in good faith, to others at the company in the Staffing group, and pursuant to their duty. Third, the defendants asserted there was no genuine issue of material fact, given Motton's admissions in her deposition, that Gibson and Bryant had not made false or malicious statements concerning the interview. They argued that Gibson and Bryant made truthful comments without malice about Motton's interview and qualifications.
In her brief before this Court, Motton notes that the defendants did not provide affidavits from either Gibson or Bryant and claims, therefore, that the absence of affidavits contesting her version of the facts raises a presumption that her affidavit is accurate. Primarily, she argues that the following statement from her affidavit dated October 17,1996, should stand:
She stated that after her interview Gibson and Bryant told her that she had done well, but later they falsely and maliciously reported that she was unable to answer most of the technical questions asked during the interview.
She also asserts that Gibson's and Bryant's report was defamatory, caused injury, constituted a publication, and was not a privileged communication.
In their brief, the defendants counter that Motton's affidavit contains self-serving and conclusory statements. They also contend the absence of affidavits from Gibson and *204 Bryant does not raise a presumption in Motton's favor and points out that the cases upon which Motton relies are inapplicable.
As to the district court's grant of summary judgment on the defamation claim, we affirm.
Summary judgments are now favored, and the rules regarding such judgments should be liberally applied. E.g., Oakley v. Thebault, 96-0937, p. 4 (La.App. 4 Cir. 11/13/96), 684 So.2d 488, 490. Appellate courts review summary judgments de novo. A motion for summary judgment which shows that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law shall be granted. La.Code Civ. Proc. art. 966 C(1). An issue is genuine if reasonable persons could disagree. Smith v. Our Lady of the Lake Hospital, 93-2512, p. 27 (La.7/5/94), 639 So.2d 730, 751. If, on the state of the evidence, reasonable persons could reach only one conclusion, there is no need for a trial on that issue. Id. Facts are material if they potentially insure or preclude recovery, affect a litigant's ultimate success, or determine the outcome of the legal dispute. Walker v. Kroop, 96-0618, p. 2 (La. App. 4 Cir. 7/24/96), 678 So.2d 580, 583.
Paragraph C(2) of Article 966, added by Acts 1997, No. 483, § 1, sets forth the burden of proof in a motion for summary judgment:
The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.
As discussed more fully below, this paragraph clarifies the burden of proof in a summary judgment proceeding.
To maintain an action in defamation, the plaintiff must prove the following elements: (1) defamatory words, (2) publication, (3) falsity, (4) malice, actual or implied, and (5) resulting injury. E.g., Brannan v. Wyeth Laboratories, Inc., 526 So.2d 1101 (La.1988).
Pretermitting discussion of the defendants' alternative grounds for summary judgment, we find that they have established under La.Code Civ. Proc. art. 966 C that summary judgment is proper on the elements of falsity and malice. As set forth above, Article 966 C permits the defendants as the moving parties to point out that there is an absence of factual support for one or more elements essential to the plaintiff's action. Thereafter, if the plaintiff fails to produce factual support sufficient to establish that she will be able to satisfy her evidentiary burden of proof at trial, there is no genuine issue of material fact. La.Code Civ. Proc. art. 966 C(2).
Until recently, neither the Code of Civil Procedure nor the jurisprudence of this Circuit specified what must be shown by the mover to sustain his initial burden of proof under Article 966 C. However, the 1996 amendment to Article 966 C closely followed federal jurisprudence interpreting Rule 56 of the Federal Rules of Civil Procedure, in particular Celotex Corp. v. Catrett, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).[3] The 1997 amendment also follows this federal jurisprudence.
In Celotex, the plaintiff filed a wrongful death complaint alleging that the decedent was exposed to Celotex asbestos products. Celotex moved for summary judgment alleging *205 that the plaintiff had failed to identify in discovery any evidence of exposure to its products. In response, the plaintiff produced three documents, the decedent's deposition and two letters concerning the decedent's exposure to asbestos. The district court granted summary judgment. The Court of Appeals reversed, holding that Celotex's failure to negate such exposure in the form of affidavits or other documentary evidence precluded summary judgment. The Supreme Court granted certiorari, reversed on the basis that Celotex did not have to disprove the plaintiff's case, and remanded to the appellate court to determine the adequacy of the plaintiff's response.
In explaining the showing required to secure summary judgment, the Supreme Court stated:
In our view, the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.
Celotex, 477 U.S. at 322-23, 106 S.Ct. at 2552 (emphasis supplied).
The Court further explained:
[W]e find no express or implied requirement in Rule 56 that the moving party support its motion with affidavits or other similar materials negating the opponent's claim. On the contrary, Rule 56(c), which refers to "the affidavits, if any," [ ] suggests the absence of such a requirement.
Celotex, 477 U.S. at 323, 106 S.Ct. at 2553 (emphasis in original).
Although three justices dissented based on the facts, they agreed with the legal analysis on how the mover may maintain the initial burden of proof:
The burden of production imposed by Rule 56 requires the moving party to make a prima facie showing that it is entitled to summary judgment. The manner in which this showing can be made depends upon which party will bear the burden of persuasion on the challenged claim at trial. If the moving party will bear the burden of persuasion at trial, that party must support its motion with credible evidence using any of the materials specified in Rule 56(c)that would entitle it to a directed verdict if not controverted at trial. Such an affirmative showing shifts the burden of production to the party opposing the motion....
If the burden of persuasion at trial would be on the non-moving [sic] party, the party moving for summary judgment may satisfy Rule 56's burden of production in either of two ways. First, the moving party may submit affirmative evidence that negates an essential element of the non-moving party's claim. Second, the moving party may demonstrate to the court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim. If the nonmoving party cannot muster sufficient evidence to make out its claim, a trial would be useless and the moving party is entitled to summary judgment as a matter of law.
Celotex, 477 U.S. at 331-32, 106 S.Ct. at 2557 (Justice Brennan, joined by Chief Justice Burger and Justice Blackmun, dissenting on other grounds) (citations omitted, original emphasis removed, italicized emphasis supplied).
Article 966 C, as amended in 1996 and 1997, apparently incorporates language from both the majority and dissenting opinions in Celotex. The 1996 amendment, adding Article 966 C, mirrored the language from the majority opinion underlined above.[4] Article 966 C was subsequently amended to delete some of that language. The 1997 amendment, *206 however, reflects language from the dissenting opinion, which had enlarged the majority's discussion of the burdens of production and proof in a summary judgment proceeding. As did the dissenting opinion in the italicized portion above, Article 966 C(2) now sets forth with more particularity the showing needed to obtain summary judgment when the moving party will not bear the burden of persuasion at trial. Because Article 966 C(2) simply illuminates the burdens of production of the parties in a summary judgment context, the 1997 amendment may be applied retroactively. See Kaufmann v. Fleet Tire Service of La., Inc., 97-1428 (La.9/5/97), 699 So.2d 75; Gibson v. Roberts, 97-0454 (La.App. 4 Cir. 10/15/97), 701 So.2d 501; see also Young v. Dupre Transport Co., 97-0591 (La.App. 4 Cir. 10/1/97), 700 So.2d 1156.
However, the mover's conclusory assertion that the adverse party has no evidence will be insufficient. As Justice Brennan in Celotex explained, a party who moves for summary judgment on the ground that the adverse party has no evidence
must affirmatively show the absence of evidence in the record. This may require the moving party to depose the nonmoving party's witnesses or to establish the inadequacy of documentary evidence. If there is literally no evidence in the record, the moving party may demonstrate this by reviewing for the court the admissions, interrogatories, and other exchanges between the parties that are in the record.
Celotex, 477 U.S. at 332, 106 S.Ct. at 2557 (Justice Brennan, joined by Chief Justice Burger and Justice Blackmun, dissenting on other grounds) (citations omitted).
In this case, Motton has the burden of persuasion at trial; thus, the defendants must either negate an essential element of Motton's claim or affirmatively show that there is no evidence in the record sufficient to establish an essential element of that claim. The defendants have successfully established that the record evidence is insufficient to support Motton's claim that Gibson's and Bryant's statementthat she was unable to answer most of the technical questions asked during the interviewwas either false or maliciously made.
In her supplemental and amended petition, paragraph 9, Motton asserted that Gibson and Bryant "defamed her by falsely and maliciously reporting that she had not answered questions correctly during her interview." The defendants pointed out in their motion for summary judgment that Motton, in her deposition, admitted that she could not or did not answer questions posed by Gibson and Bryant during the interview. Motton admitted in her deposition that she could not define a "wally box" and that she had asked her interviewers to clarify a question about transistors, but they chose to move on to other questions. The defendants also noted that Motton admitted at her deposition that she could not explain why Gibson or Bryant would have lied. Given these admissions, the defendants argued, Gibson and Bryant did not falsely and maliciously summarize their impressions of Motton's interview and qualifications on the form and, therefore, Motton would be unable to bear her burden of persuasion at trial.
In her response to the motion for summary judgment, Motton alleged in an affidavit dated October 17, 1996, that she had "successfully answered all questions posed by Gibson and Bryant except two trick questions." With regard to the question about the "wally box," Motton stated that none of her co-workers or supervisors at Lockheed had ever heard of a "wally box." She alleged that the question on transistors was "purposely phrased ambiguously." Finally, she maintained that Gibson and Bryant had informed her after the interview "that she had done well," but that they later "falsely and maliciously reported that she was unable to answer most of the technical questions asked during the interview." The defendants countered that Motton's responses were essentially unsupported conclusions of fact and law.
Motton has not met her burden of production under Article 966 C to establish that she will be able to satisfy her evidentiary burden of proof at trial. She has not pointed out evidence or potential evidence in the pleadings, affidavits, or other filed documents which would fulfill her obligation, nor has she *207 provided any additional discoverable evidence to support her claim. Instead, she has simply reasserted and enlarged the allegations in her petition. Accordingly, we find no error in the district court's grant of summary judgment. The district court's judgment is affirmed.
AFFIRMED.
NOTES
[1] See La.Rev.Stat. 23:1006, et seq.
[2] See La.Rev.Stat. 51:2231, et seq.
[3] Rule 56(c) provides:

The motion shall be served at least ten days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.
[4] Article 966 C, added by Acts 1996, 1st Ex.Sess., No. 9, § 1, formerly provided:

After adequate discovery or after a case is set for trial, a motion which shows that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law shall be granted against an adverse party who fails to make a showing sufficient to establish the existence of proof of an element essential to his claim, action, or defense and on which he will bear the burden of proof at trial.
The underlined portion was deleted by the 1997 amendment; the remainder was renamed as Paragraph C(1).