IrLANDRIEU, Judge.
Plaintiff, Derek Casbon, and State Farm Mutual Automobile Insurance Company, appeal the trial court’s granting of summary judgment in favor of Automotive Casualty Insurance Company (ACIC), dismissing ACIC from this lawsuit. The summary judgment was based upon the finding of a valid cancellation of ACIC’s policy prior to- the accident which is the subject of the lawsuit. We affirm.
This lawsuit stems from an intersectional collision in Chalmette on March 4, 1995, between a vehicle driven by Mary Doyle and insured by State Farm and a vehicle driven by Jeffery Faul, owned by Melody Maillho, and insured by ACIC. Casbon, a guest passenger in the latter vehicle, sued Doyle and State Farm.[1] State Farm filed a third-party demand against Faul and ACIC.
ACIC filed a motion for summary judgment,. claiming that the policy it, issued to Maillho to cover the vehicle driven by Faul was cancelled prior to the accident on March 4, 1995. Both Casbon and State Farm opposed the motion for ^summary judgment, arguing that the policy was not properly and effectively cancelled as of March 4,1995, and that the ACIC policy should cover the accident at issue.
Following the dismissal of ACIC from the lawsuit, State Farm and Casbon have appealed. Both State Farm and Casbon assign error to the trial court’s interpretation of La.Rev.Stat. 9:3550 to conclude that the ACIC policy to Maillho did not provide coverage for the accident in question.
Appellate courts review summary judgments de novo. Summary judgments are now favored, and the rules regarding such judgments should be liberally applied. Motion v. Lockheed Martin Corporation, et al., 97-0204 (La.App. 4th Cir. 12/1/97), 703 So.2d 202. A motion for summary judgment which shows that there is no genuine issue of material fact’and that the mover is entitled to judgment as a matter of law shall be granted. La.Code Civ. Proc. art. 966 C(l). When a motion for summary judgment is properly supported, an adverse party may not rest on the mere allegations or denials of his pleading, but his response must' set forth specific facts showing that there is'a genuine issue for trial. La.Code Civ. Proc. art. 967.
In this ease ACIC’s motion is supported by documentation which establishes that the ACIC policy for Maillho was not effective on the date of the accident in question. Furthermore, neither State Farm nor Casbon presents anything which would create a genuine issue for trial on the policy cancellation issue.
La.Rev.Stat. 9:3550 allows a finance company which has financed the payment of automobile insurance policy premiums to effect cancellation of the policy after the insured has defaulted in his payments. The section provides in part:
G. Insurance contracts may be canceled upon default as follows:
*1070 |3(1) When a premium finance agreement contains a power of attorney enabling the insurance premium finance company to cancel any insurance contract or contracts listed in the agreement, the insurance contract or contracts shall not be canceled by the insurance finance company unless such cancellation is effectuated in accordance with this Subsection.
(2) Upon default of insurance premium contract by the debtor, the premium finance company may mail a notice of cancellation to the insured, at his last known address as shown on the records of the insurance premium finance company. A copy of the notice of cancellation of the insurance contract shall also be mailed to the insurance agent negotiating the related insurance contract whose name and place of business appears on the premium finance agreement. ...
(3)(a) Ten days after notice of cancellation has been mailed to the insured, or fourteen days when notice is mailed from outside of this state, if the default has not been cured, the insurance premium finance company may thereafter effect cancellation of such insurance contract or contracts by mailing to the insurer, by depositing in the mail or with a private carrier within five business days after the date of cancellation, except when the payment has been returned uncollected, a copy of the notice of cancellation together with a statement certifying that:
(i) The premium finance agreement contains a valid power of attorney as provided in Paragraph (1) of this Subsection.
(ii) The premium finance agreement is in default and the default has not been timely cured.
(iii) Upon default, a notice of cancellation was mailed to the insured as provided in Paragraph (2) of this Subsection, specifying the date of mailing by the premium finance company to the insured.
* # * * * *
(b) Upon receipt of such notice of cancellation and statement from the premium finance company, the insurer shall consider that cancellation of the insurance contract or contracts has been requested by the insured but without requiring the return of the insurance contract or contracts and the insurer may proceed to cancel such contract or contracts as provided in R.S. 22:637. The effective date of cancellation shall be as of 12:01 A.M. on the tenth day after the date of mailing of the notice of cancellation as shown in said statement furnished to the insurer by the premium finance company.
(c) The receipt of-such notice and statement by the insurer shall create a conclusive presumption that the facts stated in said notice and statement are correct, that the insurer is entitled to rely on such facts and that the cancellation of the insurance contract or contracts is concurred in and authorized by the insured. No liability of any nature whatsoever either in favor of the insured, any governmental agency, mortgagee, or third party shall be imposed upon the insurer as a result of any misstatement of fact contained in said notice of cancellation or ^statement furnished by the insurance premium finance company to the insurer, or as a result of failure by the insured, any governmental agency, mortgagee, or third party to receive the notice of cancellation required by Paragraph (2) of this Subsection, or as a result of failure of the insurance premium finance company to comply with any of the requirements of this Subsection. Upon mailing of any unearned premium and unearned commission to the insurance premium finance company as soon as practicable following such cancellation, the insurer shall be fully discharged from all liability under the insurance contract or contracts for any loss occurring subsequent to the effective date of cancellation.
* * # * * *
ACIC’s motion for summary judgment was supported by documents which showed that Maillho purchased insurance for her 1985 Cadillac Deville from ACIC on December 30, 1994, and financed the premiums through OUPAC, Inc. In the premium finance agreement, Maillho gave OUPAC, Inc. a power of attorney, authorizing OUPAC, Inc. to cancel her insurance should she fail to make the *1071 required payments.[2] Maillho failed to pay the first premium payment. On February 8, 1995, Jeaniee Ray, OUPAC, Inc.’s representative, mailed a Notice of Cancellation to Maillho and to her insurance agent, LA Auto Insurance Agency, stating the notice date of February 8, 1995,[3] and the effective cancellation date of February 20,1995.
The default was not cured by February 20. Therefore, OUPAC, Inc. effected cancellation of the policy with ACIC by mailing to ACIC a copy of the Notice of Cancellation, together with a statement containing the necessary certification under La.Rev.Stat 9:3550(G)(3)(a). Receiving this information, ACIC documented the cancellation with a cancellation endorsement sent to Maillho which stated that the cancellation was not effective unless it was countersigned by | san ACIC agent. This endorsement also noted the effective date of cancellation as February 20,1995.
State Farm and Casbon assert that the policy cancellation was ineffective because the requirements of La. Rev Stat. 9:3550 were not met. The documents submitted to support the motion for summary judgment, which we now review, prove otherwise.
Ms. Ray’s affidavit established that the Notice of Cancellation was mailed to Maillho on February 8, 1995, by OUPAC, Inc., and the Notice clearly stated the effective date of cancellation was February 20, 1995. State Farm and Casbon’s reliance on the affidavit of Marybeth Yrle, an ACIC employee, is misguided. Yrle stated that ACIC received this notice of cancellation on February 6, 1995 — two days before Maillho. Yet, even if this was not a mistake, ACIC’s early receipt of notice neither prejudices Maillho nor violates the intent of La.Rev.Stat. 9:3550.
State Farm and Casbon also argue that the language of the ACIC cancellation “notice” proves that the cancellation was not effective until after the accident.[4] Specifically, they point to ACIC’s cancellation endorsement which notes that the cancellation is not effective unless the endorsement is countersigned by an ACIC representative.
Notwithstanding that the contents of ACIC’s cancellation endorsement are not relevant under La.Rev.Stat. 9:3550, ACIC’s notation on the endorsement is not helpful to State Farm and Casbon because the endorsement was countersigned, albeit after the accident at issue. The date it was countersigned is of ho moment because the notation does not limit the effectiveness of the cancellation to after the | (¡countersigning. The endorsement itself clearly specifies the effective date of cancellation as February 20,1995.
Accordingly, we conclude that the trial court correctly granted summary judgment in favor of ACIC, dismissing ACIC from the lawsuit. Since OUPAC, Inc. followed all statutory requirements, La.Rev.Stat. 9:3550 clearly provides that the effective date of the policy cancellation was prior to the March 4, 1995 accident. See Wheeler v. Paillet, 97-2055 (La.12/19/97), 704 So.2d 242. The judgment is affirmed.

AFFIRMED.

. Doyle also filed a lawsuit which was compromised and is not part of this appeal.

.Pursuant to the power of attorney which the insured grants to the finance company, the finance company, in effect, assumes the position of the insured in cancelling the policy as in La.Rev. Stat. 22:637. See La.Rev.Stat. 9:3550(G)(3)(b).

. An attached "affidavit of mailing” showed that the notice was also mailed on February 8, 1995.

. What State Farm and Casbon describe as a “notice” is really a cancellation endorsement.