729 So.2d 1075 (1999)
Lisa MONTGOMERY
v.
LOBMAN, CARNAHAN, BATT & ANGELLE, A Professional Law Corporation.
No. 98-CA-2098.
Court of Appeal of Louisiana, Fourth Circuit.
February 17, 1999.
*1076 Dwan S. Hilferty, New Orleans, Louisiana, Attorney for Plaintiff-Appellant Lisa Montgomery.
Barbara Ryniker Evans, Anne E. Bendernagel, Evans & Associates, New Orleans, Louisiana, Attorneys for Defendant-Appellee Lobman, Carnahan, Batt & Angelle, A Professional Law Corporation.
Court composed of Chief Judge ROBERT J. KLEES, Judge WILLIAM H. BYRNES, III, and Judge CHARLES R. JONES.
KLEES, Chief Judge.
This is an action for sexual harassment and sexual discrimination brought by an attorney against her former employer.[1] The trial court maintained the employer's motion for partial summary judgment and exception of no cause of action as to these claims. From this judgment, plaintiff appeals. We reverse and remand.
Plaintiff, Lisa Montgomery, brought this petition for damages against her former employer, Lobman, Carnahan, Batt & Angelle, A Professional Law Corporation, (hereinafter "Lobman") alleging claims of sexual discrimination and harassment in violation of the Louisiana Employment Discrimination Law ("LEDL"), LSA-R.S. 23:301, et seq. and the Louisiana Human Rights Act ("LHRA"), LSA-R.S. 51:2231 et seq.[2] Defendant moved for partial summary judgment on the basis that, as a matter of law, Ms. Montgomery was not an "employee" entitled to the protections of these statutes. Defendant also filed exceptions of prescription and no cause of action.
By judgment dated June 2, 1998, the trial court granted defendant's motion for partial summary judgment and exception of no cause of action. The trial court referred the exception of prescription to the merits. Plaintiff now appeals from this judgment.
The sole issue before this Court as to the grant of partial summary judgment is whether the trial court erred in finding that the pleadings and affidavits submitted disclosed no genuine issue of fact and that Lobman was entitled to judgment as a matter of law. On the exception of no cause of action, we must determine whether the law affords Montgomery a remedy for the particular grievances alleged under a cause of action for sexual discrimination or harassment.

I. SUMMARY JUDGMENT
The rendering of a partial summary judgment is authorized by La.Code Civ. Proc. Art. 966(E). A partial summary judgment shall not constitute a final judgment unless specifically agreed to by the parties or unless designated as a final judgment by the court after an express determination that there is no just reason for delay. In the present case, the trial judge made the following handwritten notation in the record at the conclusion of the hearing on defendant's motion and exceptions:
MSJ Granted as to hostile work environment. Prescription referred to merits. No cause of action sustained. (It's appealable).
Thus, the trial court designated this judgment as final, and it is therefore an appealable judgment pursuant to La.Code Civ. Proc. Art.2083.
Summary judgments are favored in Louisiana. Motton v. Lockheed Martin, 97-0204 (La.App. 4 Cir. 12/1/97), 703 So.2d 202; Oakley v. Thebault, 96-0937 (La.App. 4 Cir. 11/13/96), 684 So.2d 488 684 So.2d 488. Summary judgment shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law. La.Code Civ. Proc. Art. 966 B.

*1077 II. EXCEPTION OF NO CAUSE OF ACTION
The function of an exception of no cause of action is to test the legal sufficiency of the petition by determining whether the law affords a remedy on the facts alleged in the pleading. Everything on Wheels Subaru, Inc. v. Subaru South, Inc., 616 So.2d 1234 (La.1993). No evidence may be introduced to support or controvert the objection that the petition fails to state a cause of action. La.Code Civ. Proc. Art. 931. Therefore, the court reviews the petition and accepts well pleaded allegations of fact as true, and the issue at the trial of the exception is whether, on the face of the petition, the plaintiff is legally entitled to the relief sought. Everything on Wheels Subaru, Inc. v. Subaru South, Inc., 616 So.2d at 1235.

III. FACTS
Plaintiff alleges in her petition that she began working for Lobman as an associate attorney on October 14, 1987 at an annual pay rate of approximately $36,000.00. In May of 1992, she was promoted to the level of "director," with an annual pay rate of $54,500.00, plus a percentage of profits based on her ownership interest in the law corporation. Plaintiff alleges that in her position as director, she was paid at a disparate rate when compared to the other directors, all of whom were male. She further alleged that other directors made derogatory remarks to her based on her gender which constituted illegal sexual harassment. Ms. Montgomery resigned from her position with Lobman on August 5, 1996.

IV. DISCUSSION
The substance of Louisiana's Employment Discrimination Law is contained in LSA-R.S. 23:332, which provides in relevant part:
It shall be unlawful discrimination in employment for an employer to engage in any of the following practices:
(1) Intentionally fail or refuse to hire or to discharge any individual, or otherwise to intentionally discriminate against any individual with respect to his compensation, or his terms, conditions, or privileges of employment, because of the individual's race, color, religion, sex, or national origin.
Further, LSA-R.S. 51:2231, et seq., known as the Louisiana Human Rights Act, was enacted in 1988 and acts "to safeguard all individuals within the state from discrimination because of race, creed, color, religion, sex, age, disability, or national origin in connection with employment." R.S. 51:2231(A).
The Louisiana statutes are similar in scope to the federal prohibitions against discrimination embodied in Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. (1986). Louisiana courts have found it appropriate, when interpreting our own law, to consider interpretations of the federal statute. Hammond v. Medical Arts Group, Inc., 574 So.2d 521, 523 (La.App. 3rd Cir.1991); Bennett v. Corroon and Black Corp., 517 So.2d 1245 (La.App. 4th Cir.1987), writ denied, 520 So.2d 425 (La.1988).
Title VII of the Civil Rights Act of 1964 states that, "[i]t shall be unlawful employment practice for an employer ... to discriminate against an individual with respect to his ... terms, conditions or privileges of employment, because of such individual's ... sex ..." 42 U.S.C. § 2000e-2(a)(1), § 703(a)(1) of Title VII. Employment discrimination statutes like Title VII protect only "employees." Broussard v. L.H. Bossier, 789 F.2d 1158, 1159, 40 FEP Cases 1362 (5th Cir.1986).
The issues presented for our review, then, are whether Ms. Montgomery is considered to be an "employee" entitled to the protection of the Louisiana statutes and whether Ms. Montgomery has a cause of action against the defendant law corporation on the basis of these statutes.
Defendant contends that Ms. Montgomery may not be considered as an employee because she was a director of the law corporation and was therefore considered a partner or an owner of the corporation. Plaintiff argues that although she was named as a director of the corporation, her job duties were those of an employee of the corporation, and she is therefore entitled to the protection of the anti-discrimination statutes.
*1078 Federal courts have established differing approaches for the resolution of whether a director of a professional corporation is considered to be an employee of the corporation. In Hyland v. New Haven Radiology Associates, P.C., 794 F.2d 793 (2nd Cir.1986), a case cited by plaintiff, the court held that the form of the business organization chosen determines the status of a plaintiff in an employment discrimination suit. The court stated that a radiology group which chooses to form a corporation cannot claim that their corporation is essentially a medical partnership among co-equal radiologists. The court concluded that the plaintiff, a member of the radiology group, was considered to be an employee of the professional corporation and entitled to the protection of federal statutes.
However, the court in Hyland did not hold that all corporate directors must be viewed as employees. In fact, the Second Circuit has subsequently held that directors who do not possess the common law indicia of employment are clearly not employees. E.E.O.C. v. Johnson & Higgins, Inc., 91 F.3d 1529 (2nd Cir.1996), cert. denied, Johnson & Higgins v. E.E.O.C., ___ U.S. ___, 118 S.Ct. 47, 139 L.Ed.2d 13 (1997). The court in Johnson & Higgins, interpreted the Hyland decision as requiring an examination of a director's role in the company to determine whether there existed an employment relationship in addition to the role of director.
Other federal courts have stated that the definition of employee is not restrictive and must turn on the facts of a particular case. These courts have held that the substance of the employment relationship, and not the label attached to the individual, determines whether an individual is an employee under Title VII. Devine v. Stone, Leyton, & Gershman, P.C., 100 F.3d 78, 81 (8th Cir.1996), cert. denied, 520 U.S. 1211, 117 S.Ct. 1694, 137 L.Ed.2d 821 (1997); Fountain v. Metcalf, Zima & Co., P.A., 925 F.2d 1398 (11th Cir. 1991). As stated by the court in Devine, 100 F.3d at 81:
The actual duties and role of the individual govern the resolution of the issue. An employer may not avoid Title VII by affixing a label to a person that does not capture the substance of the employment relationship.
Further, the court in Devine set forth the following statement of factors to be considered in determining the employment status of a corporate director:
In deciding whether the shareholder-directors are employees or employers, we look to the extent to which they manage and own the business. If the shareholder-directors manage and own [the corporation] they should not be counted as employees...
* * *
A factor important to consider in evaluating the degree of management and control is the ability to participate in setting firm policy. Participation rights need not be equal, but the test is whether the shareholder-directors have a meaningful voice in decision-making.... Indicia of ownership include such things as contributions to firm capital, liability for debts, and compensation based on profits.

Devine, 100 F.3d at 81 (citations omitted.)
Thus, in discrimination suits, courts must perform a careful examination into the totality of the circumstances in assessing whether a director has assumed duties that make him an employee for purposes of application of the anti-discrimination laws.
In the present case, the record presented to the district court on the issue of Ms. Montgomery's employment status was limited to the plaintiff's petition and affidavits of Ms. Montgomery and Edward Lobman. In her petition, Ms. Montgomery stated that she was an associate attorney from 1987 until 1992, and she was promoted to the level of director in 1992 at an annual pay rate of $54,500.00 plus a percentage of profits based on her ownership interest. She also stated she was obligated to assume responsibility for the liabilities of the corporation.
According to the affidavit of Ms. Montgomery, she was promoted to the level of director in 1992 and voted as a director according to the number of shares she owned. Ms. Montgomery stated that she received a salary from the corporation and *1079 an expense account which was associated with her percentage of ownership. Ms. Montgomery stated that she was not allowed to purchase more stock, nor was she allowed to participate fully in firm matters, including the termination of one of the directors and the association of an attorney of counsel with the law corporation. Ms. Montgomery stated that as director, she performed essentially the same duties as an employee working in the law corporation, including trial litigation, management of lawsuits, managing associate attorneys, and various administrative duties. Ms. Montgomery stated that she worked full-time for the corporation under the direction of a more senior director/partner.
According to the affidavit of Mr. Lobman, plaintiff as a director had the right to inspect the corporate books and records and to participate fully in management of the corporation. Mr. Lobman stated that plaintiff was offered the opportunity to buy stock in the corporation when she became a director, and she negotiated the percentage of stock that she purchased by a loan guaranteed by the corporation and its directors. Mr. Lobman stated that plaintiff's corporate ownership increased during the years she was a corporate director.
Mr. Lobman further stated that unlike directors, associate attorneys do not receive compensation based on share in the corporate profits, do not assume responsibilities for the debts and liabilities of the corporation and do not participation in the management. Further, unlike directors, associate attorneys do not have the right to vote on amendment of by-laws, admission of new shareholders, termination of a shareholder's interest, approval of draws, shares of net profits, special distributions and any other income distributed to shareholders upon corporate dissolution.
Although Ms. Montgomery admits that she owned corporate stock, received income based on corporate profits, and was responsible for the debts and liabilities of the corporation, she alleges that she was not given the opportunity to participate fully in firm matters. Specifically, she contends that she was excluded from participation in the decisions to terminate one of the corporate directors and to associate an attorney. Further, Ms. Montgomery alleges that she performed essentially the same duties as the associate attorneys on a full-time basis, and that she worked under the direction of a more senior director.
Although Mr. Lobman's affidavit disputes Ms. Montgomery's allegations that she was not permitted to participate fully in the management of the corporation, we find that this is a issue of material fact as to whether Ms. Montgomery was an employee of the corporation. Further, Mr. Lobman does not dispute Ms. Montgomery's allegations that she continued to perform the duties assigned to an associate attorney. Mr. Lobman states that directors take on ownership responsibilities which do not apply to the associate attorneys who are employees of the corporation. However, the crux of Ms. Montgomery's claim is that she was not given the responsibilities and privileges that were held by other corporate directors.
Based on the current state of the law, the fact that Ms. Montgomery attained the status of director does not preclude her from seeking the protection of the anti-discrimination laws. The question of whether anti-discrimination statutes are applicable to directors is a function of the director's duties and not of her title. Johnson & Higgins, supra, 91 F.3d at 1540.
Under the circumstances presented here, we find plaintiff's allegations that she was excluded from participation in management decisions demonstrate the existence of the trialworthy issue which could potentially affect the outcome of this suit. Defendant failed to meet its burden to show that there are no disputed issues of material fact as to Ms. Montgomery's employment status. We find significant issues of fact as to whether Ms. Montgomery was an employee of the defendant. A resolution of these factual issues must be reserved for the trier of fact. The record before us fails to establish, as a matter of law, that Ms. Montgomery was not an employee of the Lobman law corporation. Thus, we conclude that the trial court's grant of summary judgment in favor of defendant is erroneous.
*1080 Further, accepting the allegations of Ms. Montgomery's petition as true, we find that she has stated a cause of action for sexual discrimination and sexual harassment against the defendant law corporation. Although we do not reach the issue of the merits of plaintiffs allegations concerning the alleged harassment, we conclude that assuming to be true plaintiffs claim that she was an employee of the corporation, plaintiff has stated a cause of action under the applicable state statutes. Thus, we find that the trial court erred in maintaining defendant's exception of no cause of action.

V. CONCLUSION
Accordingly, for the reasons assigned herein, the judgment of the trial court is reversed. The case is remanded to the trial court for further proceedings. Defendant is to bear all costs of this appeal.
REVERSED AND REMANDED.
NOTES
[1] Plaintiff also filed suit for breach of contract based on a buy-out agreement executed between the parties. This claim was not ruled on by the trial court and is not part of this appeal. Further, defendant's reconventional demand against plaintiff for breach of obligation was not considered below and is not before us here.
[2] Plaintiff's petition also asserts claims under the Louisiana Fair Employment Practices Act, La. R.S. 23:1006, which was repealed effective August 1, 1997 and replaced with La. R.S. 23:331 to 23:334. Acts, 1997, No. 1409, § 1.