| ¡.KUHN, J.
In this appeal, Allstate Insurance Company (“Allstate”) challenges the trial court’s dismissal of its cross-claim against American International South Insurance Company (“AIS”). These defendant insurance companies dispute which company has the duty to defend another defendant, Clinic Drugs, Inc., d/b/a Bonvillain Pharmacy (“Clinic Drugs”).[1] For the following reasons, we vacate the trial court’s July 2, 2003 ex parte order, which dismissed Allstate’s cross-claim, and remand this matter for further proceedings.
Plaintiffs, Suzette Thibodaux and Fla-nord A. Thibodaux, Jr., filed suit in April 1999, alleging that Suzette was injured in an automobile accident which was caused by the negligence of defendant, Darnell Nixon. The Thibodauxs further alleged that when the accident occurred, Nixon was operating a vehicle owned by defendant, Kirby Bonvillain, while on a mission for defendant, Clinic Drugs. According to the petition, AIS insured the Bonvillain vehicle pursuant to an automobile liability policy. Allstate, which plaintiffs also named as a defendant, insured Clinic *668 Drugs pursuant to a business liability policy.[2]
Allstate and Clinic Drugs filed a cross-claim against AIS, alleging that Bonvil-lain’s automobile liability policy with AIS provided coverage to Clinic Drugs as an omnibus insured. Allstate further claimed that AIS failed to defend and indemnify Clinic Drugs against the claims asserted by plaintiffs. Allstate | ¡¡asserted that based on the good faith allegations contained in plaintiffs’ petition, Clinic Drugs is legally responsible for the acts of Nixon, an insured driver, and therefore Clinic Drugs is an omnibus insured under the AIS policy language. Allstate claimed that despite its repeated amicable demands, AIS refused to defend Clinic Drugs, resulting in Allstate and Clinic Drugs incurring legal fees, costs, and other expenses in defending plaintiffs’ claims.
Allstate filed a motion for summary judgment on its cross-claim. Following a hearing on the motion for summary judgment, the trial court signed a June 21, 2002 judgment, denying Allstate’s motion. Thereafter, AIS, Nixon, and Bonvillam filed a “Motion to Dismiss” Allstate’s cross-claim.[3] On July 2, 2003, the trial court signed an order dismissing the cross-claim, and Allstate has appealed that order.[4]
Our review of the record in this matter reveals error in the proceedings below that require us to vacate the trial court’s July 2, 2003 order; the trial court |4signed the order on an ex parte basis without holding a hearing.[5] Appellees’ “Motion to Dismiss” was one upon which they were not “clearly entitled” to the relief sought in that the motion involved a legal question regarding AIS’s duty to defend. See La. C.C.P. art. 963; Avants v. Kennedy, 2002-0830, p. 11 (La.App. 1st Cir.12/20/02), 837 So.2d 647, 654, writ denied, 2003-0203 (La.4/4/03), 840 So.2d 1215. An insurer’s duty to defend is determined by the “ ‘eight-corners rule,’ i.e., an insurer must look to the four corners of the petition and the four corners of the policy to determine whether it has a duty *669 to defend.” Vaughn v. Franklin, 2000-0291, p. 5 (La.App. 1st Cir.3/28/01), 785 So.2d 79, 84, writ denied, 2001-1551 (La.10/5/01), 798 So.2d 969, citing Steptore v. Masco Constr. Co., 93-2064, pp. 8-9 (La.8/18/94), 643 So.2d 1213, 1218. Thus, the relief sought also required supporting proof in the form of the applicable policy language. As such, the motion should have been tried contradictorily, affording Allstate, the adverse party, the opportunity to appear and respond with evidentiary documentation of its own. See Avants v. Kennedy, 2002-0830 at pp. 10-11, 837 So.2d at 654.
For these reasons, the trial court’s July 2, 2003 order is vacated, and this matter is remanded to the trial court for further proceedings. See In re Succession of Davis, 2002-2816 (La.1/31/03), 836 So.2d 67. Additionally, we order that appellees, American International South Insurance Company, Nixon, and Bonvillain, are soli-darily liable for the costs of this appeal.
VACATED AND REMANDED.

. The petition originally identified Clinic Drugs, Inc. solely as Bonvillain Pharmacy. Although the parties in briefs and many of the pleadings reference defendant as Bonvillain Pharmacy, for consistency, we refer to this entity throughout as Clinic Drugs.

. Allstate referred to itself in its motion for summary judgment as an excess insurer of Clinic Drugs.

. This motion was captioned as a "Motion to Dismiss” and in its supporting memorandum, AIS prayed for the dismissal of Allstate's cross claim based on the reasons set forth in the trial court's June 21, 2002 reasons for judgment. We note that the Louisiana Code of Civil Procedure does not recognize a motion to dismiss as a procedural device by which one might obtain the dismissal of an adverse party's claim based on the proposition that the claim is without merit. However, pursuant to Louisiana Code of Civil Procedure article 865, we are required to construe every pleading as to do substantial justice. Thus, because we recognize that the movers sought dismissal of the cross claim based on the trial court's previous interpretation of the law governing an insurer’s duty to defend, we construe the true substance of the "Motion to Dismiss” as a motion for summary judgment based on the “law of the case” doctrine, whereby appellants sought dismissal of the cross-claim urging they were entitled to judgment as a matter of law. La. C.C.P. article 966(B). Otherwise, we would be compelled to find that the trial court's July 2, 2003 order is not a final judgment as defined by Louisiana Code of Civil Procedure article 1841, regardless of its designation as such, with the result being that this court would lack jurisdiction to review the trial court’s interlocutory order.

. A supplemental judgment dated March 10, 2004 sets forth that the July 2, 2003 order is a final judgment pursuant to Louisiana Code of Civil Procedure article 1915(B)(1) and that there is no just reason for the delay of this designation.

. Allstate’s specific assignments of error raised on appeal are pretermitted by our finding that the trial court improperly disposed of AIS’s motion on an ex parte basis.