# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 20-544


**ALFRED BROUSSARD, ET AL.**

**VERSUS**

**HOWARD W. BLOUNT, ET AL.**



**\*\*\*\*\*\*\*\*\*\***


APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NO. 125,114
HONORABLE KEITH R.J. COMEAUX, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

## CHARLES G. FITZGERALD
## JUDGE

**\*\*\*\*\*\*\*\*\*\***

Court composed of Elizabeth A. Pickett, Shannon J. Gremillion, and Charles G. Fitzgerald, Judges.


**REVERSED AND REMANDED.**

**Alicia Johnson Butler**
**Post Office Box 9097**
**New Iberia, Louisiana 70562**
**(337) 967-8487**
**Counsel for Plaintiff/Appellant:**
       **Alfred Broussard**

**Jo Ann Nixon**
**129 West Pershing Street**
**New Iberia, Louisiana 70560-4494**
**(337) 369-7437**
**Counsel for Plaintiff/Appellant:**
       **Trevon Tardy**

**Mark W. Verret**
**Stephen G. Collura**
**Marina Wilson**
**Allen & Gooch, A Law Corporation**
**3850 N. Causeway Boulevard, Suite 630**
**Metairie, Louisiana 70002**
**(504) 836-5270**
**Counsel for Defendants/Appellees:**
       **Howard Blount and Autobahn Motor Freight, LLC**

**FITZGERALD, Judge.**

The issue on appeal is whether the trial court erred in granting the defendants' motion for summary judgment and dismissing the plaintiffs' general negligence claims. For the reasons below, we reverse the judgment of the trial court and remand the matter for further proceedings.

## FACTS AND PROCEDURAL HISTORY

On September 24, 2014, Alfred Broussard and Trevon Tardy jointly filed a damages suit against several defendants, including Howard Blount and his employer, Autobahn Motor Freight, LLC d/b/a Autobahn Logistics LTD.

The petition alleged that on December 10, 2013, Broussard was traveling west in the left lane of U.S. 90 in his pickup truck with Tardy as a passenger; that on the same date, Blount, while in the course and scope of his employment with Autobahn, was driving an 18-wheeler traveling west in the right lane of U.S. 90; that suddenly and without warning, Blount began to merge into the left lane of traffic and collided into Broussard's pickup truck; that the collision resulted from the fault and negligence of Blount; and that Blount caused Plaintiffs to suffer serious personal injuries and property damage.

Defendants answered the petition, denying all allegations except to admit that Blount was traveling on U.S. 90 in a truck owned by Autobahn on the date in question. Defendants asserted as an affirmative defense that Plaintiffs' injuries were caused by Broussard's negligence.

Many years later, on October 4, 2019, Defendants filed a Motion for Summary Judgment with an accompanying memorandum and other supporting documents. In response, on November 4, 2019, Plaintiffs filed a memorandum opposing summary judgment. The hearing on Defendants' motion was held on November 8, 2019. The

trial court denied the motion, and that ruling was reduced to written Judgment signed on November 27, 2019.[1]

On March 25, 2020, Defendants filed a pleading styled Motion to Re-Set Summary Judgment and Motion to Dismiss. In support, Defendants filed a memorandum and other supporting documents with this motion. Plaintiffs responded on May 26, 2020, by filing a memorandum opposing summary judgment. The hearing was held on August 5, 2020. The trial court granted Defendants' motion and dismissed all of Plaintiffs' claims with prejudice. A final Judgment was signed on August 28, 2020. This appeal by Plaintiffs followed.

In their sole assignment of error, Plaintiffs assert that the trial court erred in granting summary judgment.

## LAW AND ANALYSIS

In reviewing the trial court's decision on a motion for summary judgment, this court applies the de novo standard of review using the same criteria applied by the trial court to determine whether summary judgment is appropriate. *Samaha v. Rau*, 07-1726 (La. 2/26/08), 977 So.2d 880.

"[A] motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law." La.Code Civ.P. art. 966(A)(3).

The burden of proof in summary-judgment proceedings is set forth in La.Code Civ.P. art. 966(D)(1), which states:

> The burden of proof rests with the mover. Nevertheless, if the
> mover will not bear the burden of proof at trial on the issue that is before

---

[1] The Judgment of November 27, 2019, states: "**IT IS ORDERED, ADJUDGED, AND DECREED** that Defendant[s'] Motion for Summary [Judgment] is hereby **DENIED** at this time[.]" (Emphasis in original). Defendants' first Motion for Summary Judgment was dismissed, not continued.

2

the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. The burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law.

"The only documents that may be filed in support of or in opposition to the motion [for summary judgment] are pleadings, memoranda, affidavits, depositions, answers to interrogatories, certified medical records, written stipulations, and admissions." La.Code Civ.P. art. 966(A)(4). "The court may consider only those documents filed in support of or in opposition to the motion for summary judgment and shall consider any documents to which no objection is made. Any objection to a document shall be raised in a timely filed opposition or reply memorandum." La.Code Civ.P. art. 966(D)(2).

### *Defendants' Motion to Re-Set Motion for Summary Judgment and Motion to Dismiss—What is it?*

The Judgment now on appeal was rendered at a hearing on Defendants' Motion to Re-Set Motion for Summary Judgment and Motion to Dismiss. The name of the pleading is confusing for two reasons. First, when Defendants filed this motion on March 25, 2020, there was nothing to refix. As stated previously, Defendants' original motion for summary judgment was denied in open court on November 8, 2019, and that ruling was reduced to written Judgment signed on November 27, 2019. And second, the Louisiana Code of Civil Procedure does not recognize a motion to dismiss as a proper procedural vehicle for a litigant to obtain the dismissal of an opposing party's claims. *Thibodeaux v. Nixon*, 03-2502 (La.App. 1 Cir. 11/3/04), 897 So.2d 666.

Nevertheless, we recognize that "[e]very pleading shall be so construed as to do substantial justice." La.Code Civ.P. art. 865. We are obligated to look beyond a

3

pleading's caption to determine its substance. *Thompson v. Harrington*, 99-571 (La.App. 3 Cir. 10/13/99), 746 So.2d 652.

Defendants' pleading seeks the dismissal of Plaintiffs' claims by pointing out in a supporting memorandum that Plaintiffs will not be able to satisfy their burden of proof at trial. The substance of the pleading mirrors that of a motion for summary judgment. Thus, we will construe the pleading as Defendants' second motion for summary judgment.

### *Was Summary Judgment Proper in this Case?*

Plaintiffs have asserted general negligence claims against Defendants. Louisiana courts have adopted a duty-risk analysis in determining whether to impose liability under general negligence principles. Under this analysis, Plaintiffs must prove five essential elements:

> (1) the defendant had a duty to conform his conduct to a specific standard (the duty element); (2) the defendant's conduct failed to conform to the appropriate standard (the breach element); (3) the defendant's substandard conduct was a cause in fact of the plaintiff's injuries (the cause-in-fact element); (4) the defendant's substandard conduct was a legal cause of the plaintiff's injuries (the scope of liability or scope of protection element); and (5) the actual damages (the damages element).

*Walker v. Manitowoc Co., Inc.*, 17-1014, p. 6 (La.App. 3 Cir. 10/10/18), 259 So.3d 480, 484 (quoting *Lemann v. Essen Lane Daiquiris, Inc.*, 05-1095, p. 7 (La. 3/10/06), 923 So.2d 627, 633).

Defendants' second motion for summary judgment seeks the dismissal of the negligence claims by attempting to "point out" that Plaintiffs lack factual support for their claims. Defendants specifically argue that "Plaintiffs cannot satisfy their burden of proof in the instant suit as [P]laintiffs have failed to demonstrate any liability and/or causation in the instant matter and further have failed to produce any expert testimony to establish one or all of the necessary elements of their claim[s]."

4

The dispositive issue in this appeal is whether Defendants have satisfied their initial burden of proof. The initial burden of proof for summary judgment remains with the mover and shifts to the nonmoving party only after the mover has properly supported the motion and carried his burden of proof. La.Code Civ.P. art. 966(D)(1).[2]

The Louisiana Supreme Court addressed the shifting burden of proof on a motion for summary judgment in *Cyprien v. Board of Supervisors ex rel. University of Louisiana System*, 08-1067, p. 5 (La. 1/21/09), 5 So.3d 862, 866 (citations omitted), explaining as follows:

> [T]he burden of producing evidence at the hearing on the motion for summary judgment is on the mover (normally the defendant), who can ordinarily meet that burden by submitting affidavits or by pointing out the lack of factual support for an essential element in the opponent's case. At that point, the party who bears the burden of persuasion at trial (usually the plaintiff) must come forth with evidence (affidavits or discovery responses) which demonstrates he or she will be able to meet the burden at trial. Once the motion for summary judgment has been properly supported by the moving party, the failure of the non-moving party to produce evidence of a material factual dispute mandates the granting of the motion.

In this case, La.Code Civ.P. art. 966(D)(1) permits Defendants, as the moving parties, to "point out" the absence of factual support for one or more essential

---

[2] In 1997, the Louisiana Legislature enacted La.Code Civ.P. art. 966(C)(2). Subparagraph (C)(2) established the rules regarding burdens of proof in summary judgment proceedings. In 2015, La.Code Civ.P. art. 966(C)(2) was amended and reenacted as La.Code Civ.P. art. 966(D)(1). Importantly, the 2015 revisions did not change the law. Comment (j) to Article 966, from the Revision Comments of 2015, states:

> Subparagraph (D)(1) does not change the law. It is consistent with Section 4 of Acts 1997, No. 483, which declares that "all cases inconsistent with" *Hayes v. Autin*, 685 So.2d 691 (La. App. 3d Cir. 1996) are legislatively overruled. *Hayes* holds that *Celotex v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), correctly states the law for our summary judgment procedure. In accordance with *Celotex* and *Babin v. Winn-Dixie Louisiana Inc.* 764 So.2d 37 (La. 2000), once the motion for summary judgment has been properly supported by the moving party, the non-moving party must produce evidence of the existence of a material factual dispute or demonstrate that the mover is not entitled to judgment as a matter of law.

5

elements of Plaintiffs' general negligence claims. But the burden of proof is not shifted to Plaintiffs until Defendants have properly supported their motion and carried their initial burden of production.

So how must Defendants satisfy their initial burden of production under La.Code Civ.P. art. 966(D)(1)? For starters, the jurisprudence is clear that the defendant moving for summary judgment does not carry his initial burden when he simply points out by motion or brief that there is a lack of factual support for an essential element of the plaintiff's claim. As explained in *Sheppard v. City of Baton Rouge*, 02-2421, pp. 8-9 (La.App. 1 Cir. 9/17/04), 897 So.2d 25, 30, *writ denied*, 04-2566 (La. 1/14/05), 889 So.2d 268:

> [W]e conclude that "pointing out" must be more than a bare assertion in a motion for summary judgment or brief. We also conclude that [the defendant] has not sufficiently "pointed out" the absence of factual support with his bare assertions such that the [plaintiffs] were required . . . to produce factual support showing that they would be able to satisfy their burden of proof.

In *Pugh v. St. Tammany Parish School Board*, 07-1856 (La.App. 1 Cir. 8/21/08), 994 So.2d 95, *writ denied*, 08-2316 (La. 11/21/08), 996 So.2d 1113, the mother of an injured student filed suit against the school board for inadequate supervision. On appeal, the first circuit observed:

> The School Board attempted to point out to the court that there was an absence of factual support for an essential element of the plaintiff's cause of action by arguing in its memorandum that the plaintiff was unable to prove that the School Board had the requisite prior notice of the attack. . . . However, in attempting to meet this burden, the School Board did not support its motion with any affidavits, depositions, or other evidence to point out the alleged lack of support for this element of the plaintiff's case, nor did it identify those portions of the pleadings that it believed demonstrated the absence of a genuine issue of material fact. Instead, the School Board offered mere argument and conclusory statements in its memorandum contending that it did not have notice.

*Id*. at 98. In reversing the trial court, the first circuit held that "because the School Board failed to meet its initial burden of proof, the burden never shifted to the

plaintiff to show support for his claim. Therefore, the motion for summary judgment was improperly granted." *Id.* at 100.

In *Roadrunner Transportation Systems v. Brown*, 17-40, p. 7 n.4 (La.App. 4 Cir. 5/10/17), 219 So.3d 1265, 1270 n.4, the fourth circuit also concluded that a defendant moving for summary judgment "does not carry his initial burden when he simply 'points out' by motion or brief that the plaintiff lacks factual support for any claim against him."

In contrast, the defendants in the cases below do more than simply point out an absence of factual support for their opponent's claims. For example, in *Babin v. Winn-Dixie Louisiana, Inc.*, 00-78 (La. 6/30/00), 764 So.2d 37, the plaintiff sued Winn-Dixie to recover damages for injuries he sustained in a slip-and-fall accident. Winn-Dixie moved for summary judgment, pointing out that the plaintiff did not have any evidence of constructive knowledge, which is an essential element of this type of claim. In support, Winn-Dixie produced an affidavit of its employee on duty immediately before the accident. The employee stated in her affidavit that she had inspected the shopping aisle in question ten minutes before the fall and did not see the alleged condition (toothpick boxes on the floor). The Louisiana Supreme Court determined that this was sufficient to shift the burden of proof to the plaintiff.

In *Samaha v. Rau*, 07-1726 (La. 2/26/08), 977 So.2d 880, the plaintiffs filed a medical malpractice suit against Dr. Rau. In turn, Dr. Rau filed a motion for summary judgment, pointing out that the plaintiffs lacked the necessary expert medical testimony to support their claims against him. In support of his motion—to point out that the plaintiffs lacked expert medical testimony—Dr. Rau relied on the plaintiffs' answers to interrogatories and a request for production of documents. According to the Louisiana Supreme Court:

7

Dr. Rau satisfied his initial burden on summary judgment by filing the motion and attaching the plaintiffs' discovery responses.

This finding is supported by the interpretation of the standard for summary judgment outlined by the federal courts in *Celotex Corp. v. Catrett*, and adopted by our courts. In *Celotex Corp.*, the Supreme Court reaffirmed that the party seeking summary judgment

> always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions . . . , together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

*Id*. at 884-85 (quoting *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2553 (1986) (footnotes omitted)).

In *Motton v. Lockheed Martin Corp.*, 97-204 (La.App. 4 Cir. 12/1/97), 703 So.2d 202, the plaintiff filed a defamation suit against her employer and two co-employees. The defendants filed a motion for summary judgment, pointing out that the plaintiff lacked evidence of publication, which is an essential element of defamation. The defendants used the plaintiff's deposition to support their motion. Before deciding the issue on appeal, the fourth circuit provided the following statement of law:

> If the burden of persuasion at trial would be on the non-moving [sic] party, the party moving for summary judgment may satisfy [his or her] burden of production in either of two ways. *First*, the moving party may submit affirmative evidence that negates an essential element of the non-moving party's claim. *Second*, the moving party may demonstrate to the court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim.

*Id*. at 205 (quoting *Celotex Corp.*, 477 U.S. at 331 (original emphasis removed) (emphasis added)). The fourth circuit concluded that the defendants satisfied their initial burden by filing the motion and supporting it with the plaintiff's deposition. This was sufficient to shift the burden of proof to the plaintiff.

In the case before us, our review is limited to "only those documents filed in support of or in opposition to the motion for summary judgment[.]" La.Code Civ.P. art. 966(D)(2).[3] Since Plaintiffs did not file any documents with their opposition memorandum, we can only consider the documents filed in support of Defendants' motion; namely, a copy of Plaintiffs' petition for damages, two discovery motions and the corresponding judgments, and a petition for intervention filed by Plaintiffs' former attorney. For the reasons below, these documents are not sufficient to satisfy Defendants' initial burden of proof.

First, none of the supporting documents affirmatively negate an essential element of Plaintiffs' general negligence claims. Unlike *Babin v. Winn-Dixie Louisiana, Inc.*, Defendants in this appeal did not attach any affidavits to support their second motion for summary judgment. Second, the documents do not demonstrate to this court that Plaintiffs lack sufficient evidence to prove an essential element of their claims. Defendants argue in their supporting memorandum that Plaintiffs' responses to discovery are inadequate to demonstrate any evidence of causation on Defendants' part, yet none of the discovery responses are attached to Defendants' motion. This is in stark contrast to *Samaha v. Rau,* where Dr. Rau satisfied his initial burden by filing the motion for summary judgment and supporting it with the plaintiffs' answers to interrogatories. And third, Defendants failed to identify the portions of their supporting documents that they believe demonstrate an absence of a genuine issue of material fact.

---

[3] For two cases that address the 2015 revision changes to La.Code Civ.P. art. 966(D)(2), see *Gibbs Construction v. National Rice Mill*, 17-113 (La.App. 4 Cir. 2/21/18), 238 So.3d 1033, *writ denied*, 18-464 (La. 5/11/18), 241 So.3d 1012; and *Davis v. Hixson Autoplex of Monroe, L.L.C.*, 51,991 (La.App. 2 Cir. 5/23/18), 249 So.3d 177. In both cases, the trial court erred in considering documents in the record other than those filed in support of or in opposition to the particular motion before it.

Based on our de novo review, we conclude that Defendants failed to satisfy their initial burden of production, meaning that the burden of proof never shifted to Plaintiffs. The trial court erred in granting summary judgment.

## DECREE

The judgment granting the motion for summary judgment is reversed, and the matter is remanded to the trial court for further proceedings. The costs of this appeal are assessed to Defendants, Howard Blount and Autobahn Motor Freight, LLC d/b/a Autobahn Logistics LTD.

**REVERSED AND REMANDED**.