676 So.2d 1117 (1996)
Katy CAULFIELD, Individually, and on behalf of her minor child, Kristina La Bove
v.
Billy Ray LEONARD, Automotive Casualty Insurance Company, Car Insurance Company (f/k/a) Automotive Casualty Insurance Company and Louisiana Insurance Guaranty Association.
No. 95-CA-1043.
Court of Appeal of Louisiana, Fifth Circuit.
June 25, 1996.
*1118 W. Brett Mason, Woodley, Williams, Fenet, Boudreau, Norman & Brown, Lake Charles, for defendant-appellant.
Richard C. Trahant, Harold E. Molaison, Molaison, Price & Loeb, Gretna, for plaintiffs-appellees.
Before GOTHARD and CANNELLA, JJ., and CHARLES V. CUSIMANO, II, J. Pro Tem.
CHARLES V. CUSIMANO, II, Judge Pro Tem.
The defendant, Louisiana Insurance Guaranty Association, appeals the judgment of the trial court awarding plaintiff, Katy Caulfield, penalties pursuant to La.R.S. 22:1220, for defendant's failure to timely pay a settled claim. We reverse.

ISSUE
The issue presented is whether La.R.S. 22:1220 allows penalties to be assessed against the Louisiana Insurance Guaranty Association for failure to pay a settled claim within thirty days.

FACTS AND PROCEDURAL HISTORY
On or about September 16, 1992, an accident occurred on La. Highway 45 at its intersection with La. Highway 3134 in Crown Point, Jefferson Parish. This two-car collision occurred as a vehicle driven by Mr. Billy Ray Leonard traveling east on Highway 45 attempted to cross its intersection with Highway 3134. Mr. Leonard's vehicle was struck on the passenger's side by the vehicle. Ms. Caulfield was traveling north on Highway 3134. Kristina La Bove, Katy Caulfield's teenage daughter, was a passenger in the front seat of her mother's vehicle. There were no passengers in Mr. Leonard's vehicle.
On the date of the accident, Mr. Leonard had automobile liability insurance with Automotive Casualty Insurance Company. Katy Caulfield also had liability coverage with Automotive Casualty Insurance Company. Automotive Casualty Insurance Company was subsequently declared insolvent.
Katy Caulfield, individually and on behalf of her minor child, Kristina La Bove, filed suit against the Louisiana Insurance Guaranty Association ("LIGA") to recover damages for personal injuries they allegedly sustained in the September 16, 1992 automobile accident.
On April 24, 1995, plaintiffs agreed to settle their claims in full for $11,500. On June 15, 1995, defendant forwarded the settlement funds to plaintiffs' counsel, along with the appropriate releases. Plaintiffs' counsel received the checks on June 19, 1995.
On June 16, 1995, defendants filed a Rule To Enforce the Settlement Agreement. Plaintiffs did not oppose defendant's Rule, although they would not accept the settlement funds. The trial court granted defendant's *1119 Rule To Enforce the Settlement Agreement.
On June 22, 1995, plaintiffs filed a Motion For Damages and Penalties pursuant to La. R.S. 22:1220. The trial judge took the matter under advisement, and, on August 14, 1995, awarded plaintiffs $5000 in penalties. No reasons for judgment were given. It is from this judgment that LIGA appeals.

LAW AND ANALYSIS
Appellant, LIGA, contends the trial court erroneously awarded plaintiffs below, appellees herein, penalties under La.R.S. 22:1220. La.R.S. 22:1220 states:
A. An insurer, including but not limited to a foreign line and surplus line insurer, owes to his insured a duty of good faith and fail dealing. The insurer has an affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle claims with the insured or the claimant, or both. Any insurer who breaches these duties shall be liable for any damages sustained as a result of the breach.
B. Any one of the following acts, if knowingly committed or performed by an insurer, constitutes a breach of the insurer's duties imposed by Subsection A:
(1) Misrepresenting pertinent facts or insurance policy provisions relating to any coverage at issue.
(2) Failing to pay a settlement within thirty days after an agreement is reduced to writing.
(3) Denying coverage or attempting to settle a claim on the basis of an application which the insurer knows was altered without notice to, or knowledge or consent of, the insured.
(4) Misleading a claimant as to the applicable prescriptive period.
(5) Failing to pay the amount of any claim due any person insured by the contract within sixty days after receipt of satisfactory proof of loss from the claimant when such failure is arbitrary, capricious, or without probable cause.
C. In addition to any general or special damages to which a claimant is entitled for breach of the imposed duty, the claimant may be awarded penalties assessed against the insurer in an amount not to exceed two times the damages sustained or five thousand dollars, whichever is greater. Such penalties, if awarded, shall not be used by the insurer in computing either past or prospective loss experience for the purpose of setting rates or making rate filings.
D. The provisions of this Section shall not be applicable to claims made under health and accident insurance policies.
E. This Section shall not apply to industrial and burial insurance companies, as provided for in R.S. 22:251 and 253 or to any insurer that markets under the Home Service Marketing distribution method and issues a majority of its policies on a weekly or monthly basis.
F. The Insurance Guaranty Association Fund, as provided in R.S. 22:1375 et seq., shall not be liable for any special damages awarded under the provisions of this Section.
Appellees contend since the settlement checks were not received within 30 days of the agreement, the trial court correctly awarded penalties based on La.R.S. 22:1220(B)(2).
It should be noted at the outset that appellees' claim for penalties against LIGA is not due to Automotive Casualty Insurance Company's failure to timely pay the claim, but rather is based on LIGA's own failure to timely pay the settlement. As such, appellees' argument fails to take into account LIGA's statutory grant of immunity. La. R.S. 22:1391 states:
There shall be no liability on the part of and no cause of action of any nature shall arise against any member insurer, the association or its agents or employees, the board of directors, or the commissioner or his representatives for any action taken by them in the performance of their powers and duties under this Part.
This statute grants LIGA complete immunity in all matters relating to the performance of its duties.
In order for appellees to be entitled to penalties against LIGA, they must somehow overcome LIGA's statutory grant of immunity *1120 in La.R.S. 22:1391. Appellees assert that since La.R.S. 22:1220(F) only prohibits an award of special damages against LIGA, then by negative inference an award of general damages must be allowed.
Appellees seem to argue that La. R.S. 22:1220(F) somehow impliedly repeals the immunity granted to LIGA by La.R.S. 22:1391. This is simply not the case. All laws are presumed to have been passed with deliberation and it is reasonable to conclude that the legislature did not intend to abrogate prior law, in the absence of language conveying such an intention in the later act. Town of Abbeville v. Police Jury of Vermilion Parish, 207 La. 779, 22 So.2d 62 (1945). Further, prior laws are repealed by subsequent laws only in the case of a positive enactment or clear repugnancy and nothing short of irreconcilable conflict will work a repeal by implication. State v. Randall, 219 La. 578, 53 So.2d 689 (1951).
In the case sub judice, La.R.S. 22:1220(F) neither expresses a legislative intent to partially repeal La.R.S. 22:1391, nor are the two statutory provisions irreconcilable. La.R.S. 22:1391 is a broad grant of immunity to LIGA for any "cause of action of any nature." La.R.S. 22:1220(F) can be read as simply a clarification that LIGA is not liable for special damages under the statute. These two provisions are easily reconcilable and can be read together without leading to any absurd consequences.
La.R.S. 22:1220(F) specifically provides that LIGA is immune from an assessment of special damages under that statute. In light of LIGA's broad grant of immunity under La.R.S. 22:1391, La.R.S. 22:1220(F) cannot be read, by implication, as allowing the imposition of general damages and/or penalties thereunder without express legislative mandate. The negative inference appellees would have us draw from La.R.S. 22:1220(F) is not a clear enough statement of legislative intent to repeal the immunity granted to LIGA by La.R.S. 22:1391. To strip LIGA of its statutory immunity, even partially, is a potentially crippling measure and should not be taken lightly. The ramifications of such an action were clearly explained by this Court in Breaux v. Klein, 572 So.2d 656, 659 (La.App. 5th Cir.1990), writ denied, 573 So.2d 1140 (La.1991) as follows: "We fear that to expose LIGA ... could potentially threaten the very existence of the insurance guaranty fund which has as its avowed statutory purpose the avoidance of excessive delay in payment and the avoidance of financial loss to claimants or policyholders."
We find La.R.S. 22:1220(F) does not impliedly repeal the statutory immunity granted to LIGA by La.R.S. 22:1391. As such, LIGA is not liable for penalties and damages in failing to pay the claim of an insolvent insurer within 30 days.
For the reasons assigned, the trial court's judgment is hereby reversed.
REVERSED.