701 So.2d 501 (1997)
Jeffery GIBSON
v.
Joseph E. ROBERTS and Terry L. Jordan.
No. 97-CA-0454.
Court of Appeal of Louisiana, Fourth Circuit.
October 15, 1997.
*502 James A. George, George & George, Ltd., Terri M. Collins, Collins & Trevathan, L.L.P., Baton Rouge, for Plaintiff/Appellant Jeffery Gibson.
Stanhope B. Denegre, Virginia W. Gundlach, Jones, Walker, Waechter, Poitevent, Carrere & Denegre, L.L.P., New Orleans, for Defendant/Appellee Terry L. Jordan.
Before BYRNES, JONES and WALTZER, JJ.
WALTZER, Judge.

STATEMENT OF THE CASE
Jeffery Gibson appeals the trial court summary judgment dismissing his legal malpractice suit against Terry L. Jordan, a Mississippi attorney, and Joseph E. Roberts, a former Louisiana attorney. Gibson claimed Jordan and Roberts negligently failed to file suit on Gibson's tort claim within the prescriptive period. The trial judge found that Gibson's tort claim had not prescribed and therefore there was no cause of action for malpractice. We affirm.

STATEMENT OF FACTS
On 24 February 1994, Gibson was seriously injured while working on a fixed platform on the outer continental shelf off the coast of Louisiana. The injuries occurred in the course of his employment with Helmrich & Paine when a hook, attached to a sling, which Gibson alleges failed, struck him in the head. It is undisputed that since the date of the accident, Gibson has received benefits pursuant to the Longshore and Harbor Workers' Compensation Act (LHWCA), 33 U.S.C. § 901 et seq.
Some time between 24 February 1994 and November of 1994, Gibson hired Jordan to represent him in a lawsuit against the manufacturer of the sling and "other responsible parties." Jordan associated himself with Roberts for the purposes of this case. Although Jordan represented to Gibson that Roberts was a licensed Louisiana attorney, Roberts had been ineligible to practice in the State of Louisiana since 1993 and remained ineligible to practice law through the one year anniversary date of the accident, 24 February 1995.
As of the anniversary date of the accident, neither Jordan nor Roberts had taken any action on behalf of Gibson to preserve any claim Gibson may have against the manufacturer of the sling. On 15 February 1996 Gibson filed this malpractice action against Jordan and Roberts. Jordan moved for Summary Judgment, alleging Gibson suffered no damages because prescription of Gibson's cause of action against third party tortfeasors had been interrupted by the employer's continuing payment of benefits under LHWCA. The trial court agreed and granted summary judgment in favor of Jordan and Roberts.

*503 STANDARD OF REVIEW

Appellate courts must review summary judgments de novo under the same criteria that govern a district court's consideration of whether summary judgment is appropriate. Robinson v. Yousuf, 95-1476 (La.App. 4 Cir. 1/19/96), 668 So.2d 436, writ denied, 96-0430 (La.3/29/96), 670 So.2d 1232. Act No. 483 of 1997 amended La.C.C.P. art. 966 effective 15 August 1997, and it is to be applied retroactively as well as prospectively. Kaufmann v. Fleet Tire Service of Louisiana, Inc., 96-2444 (La.App. 4 Cir. 4/2/97), 691 So.2d 811, writ granted, judgment vacated and set aside, 97-1428 (La.9/5/97), 699 So.2d 75 (applying Act 483 of 1997 to a judgment rendered and disposed of on appeal prior to the effective date of the Act).
The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of actions such as this. The procedure is favored and shall be construed to accomplish these ends. La.C.C.P. art. 966 A(2). A summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to a material fact, and that the mover is entitled to judgment as a matter of law. La.C.C.P. art. 966 B.
However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant's burden does not require him to negate all essential elements of the adverse party's claim, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact. La.C.C.P. art. 966 C(2).

ASSIGNMENT OF ERROR: Whether the trial court was manifestly erroneous in granting Jordan's Motion for summary Judgment.

In determining whether or not an attorney has committed malpractice, the court must look at the conditions existing at the time of the alleged malpractice. Quarles Drilling Corp. v. General Accident Ins. Co., 538 So.2d 1029 (La.App. 4 Cir.), writ denied, 541 So.2d 856 (La.1989). Gibson argues that at the first anniversary date of the accident, 24 February 1995, there was no controlling case law which would allow him to file a third party claim.
Under Louisiana law, a workers' compensation insurer and a third-party tortfeasor are solidary obligors to an injured employee. Williams v. Sewerage & Water Bd. of New Orleans, 611 So.2d 1383 (La.1993). The workers' compensation insurer is solidarily liable with the third-party tortfeasor not because they both caused the same damage, but because they are both obligated to repair the same damage. Williams, supra, 611 So.2d at 1388. See also La.C.C. art. 1794, 1797 and 1798.
The interruption of prescription against one solidary obligor is effective against all solidary obligors. La.C.C. arts. 1799 and 3503. Prescription is interrupted when one acknowledges the right of the person against whom he had commenced to prescribe. La. C.C. art. 3464.
Unlike the Louisiana Workers Compensation Act, the LHWCA does not expressly provide that the voluntary payment of compensation benefits is not an admission of liability. The voluntary payment by an insurance carrier of LHWCA benefits is an acknowledgment of the employee's right to those benefits. Accordingly, such payments interrupt prescription against all solidary obligors. Although there was no controlling jurisprudence to this effect until after the 24 February 1995, see Gary v. Camden Fire Ins. Co., 96-0055 (La.7/2/96), 676 So.2d 553; Cormier v. Clemco Services Corp., 48 F.3d 179, 183 (5th Cir.1995), we agree with the trial judge that this has always been the law.
It is undisputed that Gibson has received LHWCA benefits since the date of the accident. Therefore, on 24 February 1995, Gibson's action was not prescribed.

*504 CONCLUSION

Jordan has shown that an essential element of Gibson's claim is missing. Accordingly, we AFFIRM the trial court's grant of summary judgment in favor of Jordan and Roberts.
AFFIRMED.