711 So.2d 723 (1998)
Claude SMITH
v.
Walter WILLARD, Louisiana Insurance Guaranty Association, Audubon A.I.G. and The XYZ Insurance Company.
No. 97-CA-1772.
Court of Appeal of Louisiana, Fourth Circuit.
March 11, 1998.
*724 Darleen M. Jacobs, Al Sarrat, Law Offices of Darleen M. Jacobs, New Orleans, for Plaintiff/Appellant.
Paul B. Deal, Lemle & Kelleher, L.L.P., New Orleans, for Appellee Walter Willard.
Thomas D. Fazio, McCollister & McCleary, Baton Rouge, for Appellees Liga & Audubon A.I.G.
John E. Galloway, Nora T. Bolling, Galloway, Johnson, Thompkins & Burr, New Orleans, for Continental Casualty Company.
Before BARRY, ARMSTRONG and CIACCIO, JJ.
BARRY, Judge.
Plaintiff appeals the dismissal of her claims based on summary judgment and an exception of no cause of action. We hold there is no genuine issue of fact and defendants Walter Willard and his professional liability insurer, Continental Casualty, are entitled to summary judgment. We further hold that the issue of the constitutionality of LIGA's statutory immunity was not properly raised and not preserved for review. We affirm.

Facts
Sondra Turner was involved in an automobile accident with Johnnie West. A $10,000 liability policy issued by Champion Insurance Company to Turner's father was in effect. Champion was declared insolvent and LIGA assumed its statutory duty to defend. According to the parties, Audubon A.I.G. is an adjusting company which was to assist LIGA's payment of claims.
LIGA hired Walter Willard (defendant herein) to defend against West's claim. West's counsel, Darleen Jacobs, allegedly demanded policy limits and Willard refused to settle. The case went to trial and resulted in a $403,200 judgment against Turner. Turner filed bankruptcy and Claude Smith (plaintiff herein) was appointed bankruptcy trustee.
*725 Darleen Jacobs now represents the trustee. Smith filed this suit against Willard, LIGA, and Audubon A.I.G. based on their failure to settle.
Willard filed exceptions of no cause of action, no right of action, res judicata, and a motion for summary judgment based on statutory immunity and that Turner had released LIGA and its counsel. The trial court denied the exceptions and motion.
Willard sought appellate review of the denial of no cause of action and res judicata but not summary judgment. This Court reversed the ruling on the exception of no cause of action based on the statutory immunity granted to LIGA and its attorney (agent-mandatary). La. R.S. 22:1391; La. C.C. art. 2985. See Caulfield v. Leonard, 95-1043, p. 4 (La.App. 5 Cir. 6/25/96), 676 So.2d 1117, 1119, writ den. 96-1911 (La.11/1/96), 681 So.2d 1262; Veillon v. Louisiana Insurance Guaranty Assn., 608 So.2d 670, 672 (La.App. 3d Cir.1992).[1] This Court remanded to allow Smith to amend the petition but did not address res judicata.
Smith filed a third supplemental and amending petition alleging "an attorney client relationship" between Willard and Turner, that Willard had an obligation to protect and advise Turner of her potential liability, and he breached that obligation by not settling.
Willard filed an exception of no cause of action based on Smith's failure to allege that Willard represented Turner in a capacity other than as LIGA's counsel, and res judicata based on a release that Turner executed. Willard filed a motion for summary judgment based on the same grounds and supported by an affidavit and copies of the releases.
Willard's professional liability insurer (Continental Casualty) filed exceptions of no cause of action and res judicata and a motion for summary judgment based on the same grounds. LIGA and Audubon A.I.G. filed an exception of no cause of action based on statutory immunity.
On June 12, 1997 the trial court granted summary judgment and dismissed Smith's action against Willard and Continental Casualty. The trial court granted the exception of no cause of action filed by LIGA and Audubon A.I.G. Because the trial court did not rule separately rule on Willard's exceptions of no cause of action and res judicata, Willard filed those exceptions in this Court. See La. C.C.P. art. 2163.

Summary Judgment
Smith argues there is an issue of fact concerning whether Willard "had the opportunity to settle this claim ... and protect Sondra Turner from the excess judgment." That assignment has no merit.
This Court reviews summary judgments de novo under the same criteria as the district court. Gibson v. Roberts, 97-0454, p. 2 (La. App. 4 Cir. 10/15/97), 701 So.2d 501, 503. Summary judgment is favored and shall be construed to accomplish that end. La. C.C.P. art. 966(A)(2).
After adequate discovery or after a case is set for trial, a motion which shows there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law shall be granted. La. C.C.P. art. 966(C)(1).
Prior to the amendment to Art. 966 by Acts 1997, No. 483, § 1, eff. July 1, 1997, Art. 966(C) provided that a properly supported motion
shall be granted against an adverse party who fails to make a showing sufficient to establish the existence of proof of an element essential to his claim, action, or defense and on which he will bear the burden of proof at trial.
Act 483 divided paragraph (C) into two paragraphs and amended:
(2) The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant's burden on the motion does not require *726 him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of roof at trial, there is no genuine issue of material fact.
La. C.C.P. art. 966(C)(2).
The amendment "simply illuminates the burdens of production of the parties in a summary judgment context." Motton v. Lockheed Martin Corp., 97-0204, p. 8 (La. App. 4 Cir. 11/26/97), 703 So.2d 202. It is retroactive. Id.; Gibson v. Roberts, 701 So.2d at 503.
Willard's and Continental Casualty's motion for summary judgment argued that LIGA engaged Willard as its attorney and he did not represent Turner in the West litigation. They acknowledge a "relationship" by virtue of Willard's representation of LIGA, but argue that did not extend beyond the parameters of counsel for the insurer. His affidavit states that Turner was represented by other counsel and after judgment in the West suit, Turner released LIGA and agreed to indemnify and hold harmless LIGA and its agents for all claims arising from their representation of LIGA in that suit.
Attached to the opposition is an affidavit by Darleen Jacobs. That affidavit does not contradict Willard's assertion that he was engaged only by LIGA. Rather, it states that as West's attorney Jacobs made amicable demand on Willard to pay policy limits and Willard failed to settle. Despite the allegation in the third supplemental and amending petition, there is no factual support for an attorney-client relationship between Willard and Turner. There is no genuine issue of material fact and summary judgment for Willard and Continental Casualty was proper.

Constitutionality of La. R.S. 22:1391
Smith argues that the claims against LIGA and Audubon A.I.G. were improperly dismissed on an exception of no cause of action because the statute granting immunity, La. R.S. 22:1391, is unconstitutional. That claim was not properly raised in the trial court and not preserved for review.
The unconstitutionality of a statute must initially be raised in the trial court rather than the appellate court. Vallo v. Gayle Oil Company, Inc., 94-1238, p. 8 (La.11/30/94), 646 So.2d 859, 864. It must be specially pleaded and the grounds for the claim particularized. Id. at 864-65. The claim must be raised in the petition, an exception, a motion or an answer; it cannot be raised in a memorandum, opposition or brief because those documents are not pleadings. Id. at 865.
Additionally, if a statute is alleged to be unconstitutional, the attorney general of the state shall be served with a copy of the proceeding and is entitled to be heard. La. C.C.P. art. 1880.
Smith claims that the issue was raised in the opposition to the exception of no cause of action. The attorney general was not served.
Counsel for Smith asserts that mailing the opposition brief to the attorney general is sufficient. The statute which she cites in support of that argument applies to the courts of appeal and the Supreme Court, not to the party who challenges the constitutionality of the statute. See La. R.S. 13:4448.
We affirm summary judgment for Willard and Continental Casualty and the judgment on the exception of no cause of action in favor of LIGA and Audubon A.I.G. We pretermit the remaining issues.
AFFIRMED.
NOTES
[1] Plaintiff attempts to distinguish Caulfield because it involved LIGA's failure to pay a settlement rather than failure to settle. Caulfield is analogous because it applied the statutory immunity, although under different facts.