SHAWN LOPEZ AND RACHEL MAYEAUX

VERSUS

LOUISIANA INSURANCE GUARANTY
ASSOCIATION

NO. 24-C-235

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Linda Wiseman
First Deputy, Clerk of Court

August 07, 2024

Linda Wiseman
First Deputy Clerk

**IN RE** LOUISIANA INSURANCE GUARANTY ASSOCIATION

**APPLYING FOR** SUPERVISORY WRIT FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT, PARISH OF JEFFERSON, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE DONALD A. ROWAN, JR., DIVISION "L", NUMBER 835-922

Panel composed of Judges Susan M. Chehardy,
Fredericka Homberg Wicker, and Jude G. Gravois

### WRIT GRANTED; JUDGMENT REVERSED; EXCEPTION OF NO CAUSE OF ACTION SUSTAINED

In this writ application, relator/defendant Louisiana Insurance Guaranty Association ("LIGA"), seeks this Court's supervisory review of the trial court's April 26, 2024 judgment, which denied its peremptory exception of no cause of action. For the reasons stated herein, we conclude that the trial court erred in denying LIGA's exception of no cause of action and we grant the writ application.

Plaintiffs, Shawn Lopez and Rachel Mayeaux, allege that on August 29, 2021, they suffered residential property damage as a result of Hurricane Ida. Both parties agree that plaintiffs were insured by Americas Insurance Company at the time, but it became insolvent on January 14, 2022.

On December 14, 2022, plaintiffs filed a Petition for Damages, claiming they suffered $86,218.16 in contractual damages for home repairs, of which LIGA tendered only $15,850.69. In their petition, plaintiffs allege LIGA is liable to

24-C-235

plaintiffs for: 1) the unpaid amounts of their covered claim;  2) damages for breach of contract to recover the unpaid amounts due under the insurance contract; 3) breaching its duty of good faith and fair dealing under La. R.S. 22:1973 when LIGA failed to tender amounts due which caused damages for mental anguish, aggravation, and inconvenience; and 4) violating Louisiana Unfair Trade Practices and Consumer Protection Law, La. R.S. 51:1401 *et seq.*, by withholding funds and systematically denying and underpaying claims on behalf of insurers.

LIGA filed a Peremptory Exception of No Cause of Action arguing plaintiffs have no cause of action for bad faith damages, mental anguish, aggravation, inconvenience, and penalties pursuant to Louisiana's "bad faith" provisions, and plaintiffs have no cause of action under the Louisiana Unfair Trade Practices Act. On April 8, 2024, the trial court heard and orally denied LIGA's exception.  A written judgment to this effect was signed by the trial court on April 26, 2024. Thereafter, on May 15, 2024, the trial court issued written Reasons for Judgment.

**LAW AND DISCUSSION**

Appellate courts review rulings on exceptions of no cause of action *de novo*. *Warren v. HDI Glob. Ins. Co.*, 21-570 (La. App. 5 Cir. 5/16/22), 341 So.3d 1249, 1253, *writs denied*, 22-938 (La. 11/1/22), 349 So.3d 10, and 22-1002 (La. 11/1/22), 349 So.3d 5.  A cause of action, for purposes of the peremptory exception, is defined as the operative facts that give rise to the plaintiff's right to judicially assert the action against the defendant.  *Id.*  The function of the peremptory exception of no cause of action is to question whether the law extends a remedy to anyone under the factual allegations of the petition.  *Grubbs v. Haven Custom Furnishings, Inc.*, 18-710 (La. App. 5 Cir. 5/29/19), 274 So.3d 844, 848.  The burden of demonstrating that no cause of action has been stated is upon the mover. *City of New Orleans v. Board of Com'rs of Orleans Levee Dist.*, 93-0690 (La. 7/5/94), 640 So.2d 237, 253.

"In deciding an exception of no cause of action a court can consider only the petition, any amendments to the petition, and any documents attached to the petition." *Welch v. United Med. Healthwest-New Orleans, L.L.C.*, 21-684 (La. App. 5 Cir. 8/24/22), 348 So.3d 216, 221 (quoting *White v. New Orleans Ctr. for Creative Arts*, 19-213 (La. App. 4 Cir. 9/25/19), 281 So.3d 813, 819, *writ denied,* 19-1725 (La. 12/20/19), 286 So.3d 428). For the purpose of determining the issues raised by the exception, all facts pleaded in the petition must be accepted as true. *Grubbs*, *supra.* No evidence may be introduced to support or controvert the exception of no cause of action, review of the exception being limited to the allegations made in the petition itself. La. C.C.P. art. 931. An exception of no cause of action should be granted only when it appears beyond doubt that the plaintiff can prove no set of facts in support of any claim which would entitle him to relief. *Badeaux v. Southwest Computer Bureau, Inc.*, 05-612 (La. 3/17/06), 929 So.2d 1211, 1217. If the petition states a cause of action on any ground or portion of the demand, the exception should generally be overruled. *Id.*

LIGA is the administrator of the Louisiana Insurance Guaranty Association Law found in La. R.S. 22:2051 *et seq.*[1] LIGA, from its inception as an association, has been characterized as a private, nonprofit, and unincorporated legal entity, created in part to provide payment of covered claims to claimants and policyholders of insolvent insurance agencies. La. R.S. 22:2052 and 22:2056(A).

*La. R.S. 22:1973, Bad Faith*

In plaintiffs' Petition for Damages, paragraphs 21 through 26, plaintiffs claim that LIGA violated La. R.S. 22:1973 by failing to unconditionally and timely tender amounts owed within sixty days, causing plaintiffs to suffer damages,

---

[1] There have been several legislative amendments to LIGA Laws through 2024. The applicable law governing claims against LIGA is the law in effect on the date of the insurer's insolvency. *Prejean v. Dixie Lloyds Ins. Co.,* 94-2979 (La. 5/22/95), 655 So.2d 303, *opinion modified on rehearing,* 94-2979 (La. 9/15/95), 660 So.2d 836, 837; *Hopkins v. Howard*, 05-732 (La. App. 4 Cir. 4/5/06), 930 So.2d 999, 1002, n.3, *writ denied*, 06-1047 (La. 6/23/06), 930 So.2d 984. The date of Americas Insurance Company's insolvency was January 14, 2022. As such, we have reviewed, applied, and cited statutes in effect on January 14, 2022.

including but not limited to mental anguish, aggravation, and inconvenience. Plaintiffs assert that pursuant to La. R.S. 22:1973, LIGA is liable for a statutory penalty in addition to damages.

LIGA asserts that plaintiffs have no cause of action against it for damages and penalties under La. R.S. 22:1973, because damages and penalties are not included as covered claims under La. R.S. 22:2055 and LIGA has statutory immunity from bad faith damages under La. R.S. 22:2067.

La. R.S. 22:1973(A) states in part, "An insurer, including but not limited to a foreign line and surplus line insurer, owes to his insured a duty of good faith and fair dealing." La. R.S. 22:1973(C) provides for general and special damages, as well as penalties for breach of the duty. However, La. R.S. 22:1973(F) states, "The Insurance Guaranty Association Fund, as provided in R.S. 22:2051 et seq., shall not be liable for any special damages awarded under the provisions of this Section."

LIGA is responsible to pay covered claims pursuant to La. R.S. 22:2058(A)(1)(a). "Covered claims" are further defined in La. R.S. 22:2055(6), which states in pertinent part,

> (6) "Covered claim" means the following:
> (a) An unpaid claim, including one for unearned premiums that arises out of and is within the coverage and not in excess of the applicable limits of an insurance policy to which this Part applies issued by an insurer, if such insurer becomes an insolvent insurer after September 1, 1970, and the policy was issued by such insurer and any of the following:
> (i) The claimant or insured is a resident of this state at the time of the insured event, provided that, for entities, the residence of a claimant or insured is the state in which its principal place of business is located at the time of the insured event.
> (ii) The claimant is a self-insurer, including an arrangement or trust formed under R.S. 23:1191 et seq., and is principally domiciled in this state at the time of the insured event.
> (iii) The claim is a first party claim for damage to property with a permanent location in this state.
>
> (b) "Covered claim" shall not include:

4

(i) Any amount awarded as penalties, punitive or exemplary damages.

LIGA's immunity is provided under La. R.S. 22:2067, which states:

There shall be no liability on the part of and no cause of action of any nature shall arise against any member insurer, the association or its agents or employees, the board of directors, or the commissioner or his representatives for any action taken by them in the performance of their powers and duties under this Part. This immunity shall extend to the participation in any organization of one or more other state associations of similar purposes and to any such organization and its agents or employees.

In *Caulfield v. Leonard*, 95-1043 (La. App. 5 Cir. 6/25/96), 676 So.2d 1117, 1120, *writ denied*, 96-1911 (La. 11/1/96), 681 So.2d 1262, this Court held that La. R.S. 22:1391[2] grants LIGA immunity in all matters related to the performance of its duties, and LIGA was not liable for penalties and damages for failing to pay a claim timely under La. R.S. 22:1220.[3] (*See also Gill v. Access Home Ins. Co.*, No. 2:21-CV-03222 (W.D. La. 6/28/22), 2022 WL 20689743, which held that the plaintiffs had no cause of action for bad faith penalties and damages against LIGA under La. R.S. 22:1973 and La. R.S. 22:2055(6)).

Here, in the trial court's Reasons for Judgment, it stated that La. R.S. 22:1973 "provides immunity for LIGA against special damages – not general damages. The specific mention of special damages (and lack of mention of general damages) would lead to the logical conclusion that general damages were not covered by the immunity." The trial court's reasoning was also addressed in *Caulfield*, *supra*, where the appellees asserted that La. R.S. 22:1220(F) [now La. R.S. 22:1973(F)] only prohibited special damages, so general damages must be allowed. However, this Court explained that LIGA's broad grant of immunity

---

[2] La. R.S. 22:1391 was renumbered as La. R.S. 22:2067 by Acts 2008, No. 415, § 1, eff. Jan. 1, 2009. La. R.S. 22:1391 previously stated,

There shall be no liability on the part of and no cause of action of any nature shall arise against any member insurer, the association or its agents or employees, the board of directors, or the commissioner or his representatives for any action taken by them in the performance of their powers and duties under this Part.

[3] La. R.S. 22:1220 was renumbered as La. R.S. 22:1973 by Acts 2008, No. 415, § 1, eff. Jan. 1, 2009.

5

under La. R.S. 23:1391 [now La. R.S. 22:2067] "cannot be read by implication, as allowing the imposition of general damages and/or penalties thereunder without express legislative mandate." *Id.*

A plain reading of La. R.S. 22:1973(A) indicates that the statute applies to insurers, and La. R.S. 22:1973(F) specifically excludes the Insurance Guaranty Association Fund. LIGA is an association, not an insurer; therefore, laws applicable only to insurers do not apply to LIGA. *Bowens v. General Motors Corp.,* 608 So.2d 999, 1005 (La. 1992); *Williams v. Champion Ins. Co.*, 590 So.2d 736, 739-40 (La. App. 3rd Cir. 1991).

LIGA is responsible to pay covered claims "not in excess of the applicable limits of an insurance policy," and a covered claim "shall not include any amount awarded as penalties, punitive or exemplary damages." La. R.S. 22:2055(6)(a)-(b).

Here, we find that plaintiffs have no cause of action against LIGA for mental anguish, aggravation, and inconvenience damages as well as statutory penalties pursuant to La. R.S. 22:1973. We further find that LIGA has immunity under La. R.S. 22:2067.

*Louisiana Unfair Trade Practices Act*

In paragraphs 27 through 30 in the Petition for Damages, plaintiffs claim that LIGA violated La. R.S. 51:1401 *et seq.*, the Louisiana Unfair Trade Practices Act ("LUTPA"). Specifically, paragraph 30 states, "LIGA has violated LUTPA by keeping undisputed funds owed to Plaintiffs, while using its status as potentially immune from penalties and attorney's fees to systematically deny and underpay claims on behalf of various insurers."

LIGA asserts that plaintiffs have failed to state a cause of action under LUTPA because plaintiffs' petition fails to allege how LIGA violated LUTPA, LUTPA does not apply to LIGA, and LIGA is immune under La. R.S. 22:2067.

6

In the trial court's Reasons for Judgment, it found that plaintiffs have sufficiently stated a cause of action against LIGA under LUTPA. It explained, in part, that plaintiffs argued "LIGA's expenditures, which include tens of millions of dollars for 'claims handling costs' and millions of dollars for 'legal fees and expenses' demonstrate that LIGA, indeed, is involved in trade or commerce. This Court is convinced by this argument, especially considering the fact the LIGA has disbursed $151,000,000 to stakeholders in the period from 2005 to 2020."[4]

A cause of action under LUTPA is based on La. R.S. 51:1405(A), which states that "unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful." The language of La. R.S. 51:1402(10) defines trade or commerce as "the advertising, offering for sale, sale, or distribution of any services and any property, corporeal or incorporeal, immovable or movable, and any other article, commodity, or thing of value wherever situated, and includes any trade or commerce directly or indirectly affecting the people of the state."

To support a LUTPA cause of action against an entity, that entity must have been engaged in unfair or deceptive methods, acts, or practice *while* in the conduct of trade or commerce. *Law Industries, LLC v. Dep't of Educ.*, 23-794 (La. 1/26/24), 378 So.3d 3, 7. The range of prohibited practices under LUTPA is extremely narrow. *Id.* (citing *Cheramie Services, Inc. v. Shell Deepwater Prod.*, 09-1633 (La. 4/23/10), 35 So.3d 1053, 1060). What constitutes an unfair trade practice in Louisiana is determined by the courts on a case-by-case basis. *Id.* at 8.

The provisions of LUTPA shall not apply to "actions or transactions subject to the jurisdiction of… the insurance commissioner." La. R.S. 51:1406(1). La. R.S. 22:2064 states that LIGA "shall be subject to examination and regulation by

---

[4] The trial court's reasons for judgment include allegations of fact that are not contained in plaintiffs' petition. A trial court cannot consider assertions of fact referred to by counsel in their briefs that are not pled in the petition. *Welch, supra.*

the commissioner." The commissioner means the commissioner of insurance. La. R.S. 22:2055(4). We find, therefore, that LUTPA does not apply to actions or transactions of LIGA as it is an entity subject to the jurisdiction of the state's insurance commissioner. Therefore, plaintiffs have failed to state a cause of action against LIGA pursuant to LUTPA.

Upon *de novo* review of the writ application, and on the showing made, we conclude that the trial court erred in denying LIGA's peremptory exception of no cause of action. We find that plaintiffs' petition, even when accepted as true, fails to state a valid cause of action against LIGA for damages under La. R.S. 22:1973 and La. R.S. 51:1401 *et seq*., LUTPA.

Generally, upon the grant of an exception of no cause of action, a party should be granted leave to amend the petition to state a cause of action. *See* La. C.C.P. art. 934. In this instance, we find that plaintiffs can state no additional facts which would give rise to a cause of action against LIGA for bad faith damages, mental anguish, aggravation, inconvenience, or penalties, including damages pursuant to Louisiana's "bad faith" provisions, and plaintiffs have no cause of action against LIGA under Louisiana Unfair Trade Practices Act.

Accordingly, we grant the writ application, reverse the trial court's judgment denying the peremptory exception of no cause of action, sustain the exception of no cause of action, and dismiss the claims set forth in the Petition for Damages against LIGA pursuant to La. R.S. 22:1973 and La. R.S. 51:1401 *et seq*. with prejudice. The matter is remanded for further proceedings.

Gretna, Louisiana, this 7th day of August, 2024.

**FHW**
**SMC**
**JGG**

8

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

(504) 376-1400
(504) 376-1498 FAX

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS DAY **08/07/2024** TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**24-C-235**

### E-NOTIFIED

24th Judicial District Court (Clerk)
Honorable Donald A. Rowan, Jr. (DISTRICT JUDGE)
Mark G. Montiel, Jr. (Respondent)                    Darren A. Patin (Relator)

### MAILED

Nicole C. Palmisano (Relator)                        Shelby S. Talley (Respondent)
Attorney at Law                                      Jack F. Griffin (Respondent)
3445 North Causeway Boulevard                        Landis S. Prestigiacomo (Respondent)
Suite 800                                            Attorney at Law
Metairie, LA 70002                                   400 Poydras Street
                                                     Suite 2325
                                                     New Orleans, LA 70130

**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

7016 2070 0000 0954 8285

Certified Mail Fee

$

Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy)        $ _____
☐ Return Receipt (electronic)       $ _____
☐ Certified Mail Restricted Delivery  $ _____
☐ Adult Signature Required          $ _____
☐ Adult Signature Restricted Delivery $ _____

Postage

$

Postmark
Here

Jack F. Griffin
Attorney at Law
400 Poydras Street
Suite 2325
New Orleans, LA 70130
24-C-235                    08-07-24

PS Form 3800, April 2015 PSN 7530-02-000-9047     See Reverse for Instructions

---

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Jack F. Griffin
Attorney at Law
400 Poydras Street
Suite 2325
New Orleans, LA 70130
24-C-235                    08-07-24

9590 9402 2434 6249 3565 90

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X                                    ☐ Agent
                                     ☐ Addressee

B. Received by (Printed Name)       C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☒ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

2. Article Number *(Transfer from service label)*
7016 2070 0000 0954 8285

PS Form 3811, July 2015 PSN 7530-02-000-9053          Domestic Return Receipt

---

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

7016 2070 0000 0954 8278

Certified Mail Fee

$

Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy)        $ _____
☐ Return Receipt (electronic)       $ _____
☐ Certified Mail Restricted Delivery  $ _____
☐ Adult Signature Required          $ _____
☐ Adult Signature Restricted Delivery $ _____

Postage

$

Postmark
Here

Nicole C. Palmisano
Attorney at Law
3445 North Causeway Boulevard
Suite 800
Metairie, LA 70002
24-C-235                    08-07-24

PS Form 3800, April 2015 PSN 7530-02-000-9047     See Reverse for Instructions

---

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Nicole C. Palmisano
Attorney at Law
3445 North Causeway Boulevard
Suite 800
Metairie, LA 70002
24-C-235                    08-07-24

9590 9402 2434 6249 3565 83

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X                                    ☐ Agent
                                     ☐ Addressee

B. Received by (Printed Name)       C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
Mail Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☒ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

2. Article Number *(Transfer from service label)*
7016 2070 0000 0954 8278

PS Form 3811, July 2015 PSN 7530-02-000-9053          Domestic Return Receipt

**SENDER:** *COMPLETE THIS SECTION*

- ■ Complete items 1, 2, and 3.
- ■ Print your name and address on the reverse so that we can return the card to you.
- ■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Nicole C. Palmisano
Attorney at Law
3445 North Causeway Boulevard
Suite 800
Metairie, LA 70002
24-C-235                    08-07-24

9590 9402 2434 6249 3565 83

2. Article Number *(Transfer from service label)*

7016 2070 0000 0954 8278

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature

X _(signature)_    ☐ Agent
                    ☐ Addressee

B. Received by *(Printed Name)*     C. Date of Delivery

Devine R                            8/12

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
   Mail
   Mail Restricted Delivery
   0)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☑ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053                    Domestic Return Receipt